**STATE of Minnesota, Respondent,**

v.

**Brian David RITTER, Appellant.**

No. A05–770.

Court of Appeals of Minnesota.

Aug. 8, 2006.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Conrad Freeberg, Morrison County Attorney, Little Falls, MN, for respondent.

John M. Stuart, State Public Defender, Theodora Gaïtas, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; KALITOWSKI, Judge; and PARKER, Judge.[*]

## OPINION

HUDSON, Judge.

In this appeal from conviction of and sentence for fifth-degree controlled substance offense, appellant argues that the district court abused its discretion by preventing appellant from asking in voir dire whether prospective jurors would give more credence to law enforcement witnesses simply because they were law enforcement personnel. Appellant also argues that the district court erred in denying his request for a sentencing hearing at which he could argue for a downward departure. Because we conclude that the district court's refusal to allow questioning as to pro-law-enforcement bias during voir dire impermissibly deprived appellant of his right to an impartial jury, we do not reach the sentencing issue, and we reverse and remand for a new trial.

## FACTS

On the evening of June 18, 2004, appellant Brian Ritter was arrested for the theft of a motor vehicle. During the booking process Ritter asked to use the bathroom; an officer directed him to an empty cell which contained a toilet. Shortly after Ritter left the cell, officers discovered contraband in the cell, including a metal pipe and plastic wrap which had residue on them. The residue was later determined to be cocaine. Ritter was charged with fifth-degree possession of a controlled substance. Ritter pleaded not guilty and exercised his right to a jury trial.

During an *en bloc* voir dire of the venire, the district court questioned some prospective jurors about their contacts with law enforcement and whether such contacts would prevent them from being fair and impartial. Six prospective jurors had some connection with law enforcement personnel. One prospective juror, whose spouse was in law enforcement, was stricken for cause when she stated that she would give more credence to a law enforcement officer's testimony than to a person from the general public. Four of the other five prospective jurors who knew someone in law enforcement said that their associations with law enforcement would not prevent them from being fair and impartial. One prospective juror who had a law enforcement connection was not directly asked this question.

After the defense attorney asked one of the six prospective jurors who had a law enforcement connection specifically whether she could be impartial, the following occurred:

> [DEFENSE ATTORNEY]: Okay. Is there anyone here who believes that they would give more credence or more belief—
>
> THE COURT: [ ]—will the lawyers come to the bench, will you?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

(The following proceedings were had at the bench by the Court and counsel out of the hearing of the jurors:)

THE COURT: That's actually an objectionable question to ask and there's cases based on it. You can't be asking whether, in particular, defense lawyers say, as an officer, do you think the officer will be more credible or believable. You can't ask that.

[DEFENSE ATTORNEY]: Well, I believe it's up to the State to object to the question, rather than—

THE COURT: I know it is but I can object to—the Court in fact—

[DEFENSE ATTORNEY]: Well—

[PROSECUTOR]: As I understand it, would it be permissible, "are you more likely to believe a police officer than not," getting to credence and—

THE COURT: I don't think he can ask any of that. Actually it's always asked, but I'm starting to tighten up on that. Plus, if I cover the subject matter, don't—

[DEFENSE ATTORNEY]: Is the Court instructing me not to ask that question?

THE COURT: Yeah, if one witness is more believable. I mean, the State's— well, do you believe the defendant more than the cops. I mean, their credibility, it will speak for itself on the stand. You guys will cross-examine. That's it.

[PROSECUTOR]: (Nods head.)

THE COURT: Whether they're going to believe a cop or not, it's going to be through their testimony and cross-examining. It's an objectionable question to ask and I'm just telling you not to ask it. Okay?

[DEFENSE ATTORNEY]: Okay.

The defense attorney promptly recorded his objection and later confirmed that it was preserved for appeal. Two of the jurors who knew law enforcement personnel were later excused through the exercise of peremptory challenges. All of the state's witnesses were law enforcement personnel. During trial, Ritter testified on his own behalf stating that the contraband in the cell was not his. The jury found appellant guilty.

When the jury was excused, the district court proceeded immediately with sentencing. Appellant requested a pre-sentence investigation and a later sentencing date so that he might seek a downward dispositional departure, if appropriate. Based on the pre-trial worksheet, the district court denied appellant's request and immediately sentenced appellant to the presumptive sentence of 24 months. This appeal from the judgment of conviction follows.

## ISSUE

Did the district court deprive appellant of his constitutional right to an impartial jury when it prohibited him from asking prospective jurors during voir dire whether they were inclined to give more credence to the testimony of law enforcement personnel than to the testimony of lay witnesses?

## ANALYSIS

■ Appellant argues that the district court violated his constitutional right to an impartial jury when it prohibited him from asking prospective jurors during voir dire whether they were inclined to give more credence to the testimony of law enforcement personnel than to the testimony of lay witnesses.

■ The right to a trial by an impartial jury is a basic guarantee of both the United States and the Minnesota Constitutions. U.S. Const. amend. VI; Minn. Const. art. 1, § 6. This right to an impartial jury "includes the ability to conduct 'an

adequate voir dire to identify unqualified jurors.'" *State v. Greer*, 635 N.W.2d 82, 87 (Minn.2001) (quoting *Morgan v. Illinois*, 504 U.S. 719, 729, 112 S.Ct. 2222, 2230, 119 L.Ed.2d 492 (1992)). A voir dire examination assists the parties in selecting an impartial jury by giving the parties an opportunity to discover "bases for challenge for cause" and to gain "knowledge to enable an informed exercise of peremptory challenges." Minn. R.Crim. P. 26.02, subd. 4(1). Under the rules, a prospective juror may be challenged for cause on "[t]he existence of a state of mind on the part of the juror, in reference to the case or to either party, which satisfies the court that the juror cannot try the case impartially and without prejudice to the substantial rights of the party challenging." Minn. R.Crim. P. 26.02, subd. 5(1). "Before exercising challenges, either party may make *a reasonable inquiry* of a prospective juror or jurors in reference to their qualifications to sit as jurors in the case." Minn. R.Crim. P. 26.02, subd. 4(1) (emphasis added). The rules of criminal procedure provide the trial court with discretion to limit improper questions during voir dire. Minn. R.Crim. P. 26.02. A district court's decisions relating to the conduct of voir dire "will not be overturned absent an abuse of discretion." *Greer*, 635 N.W.2d at 87. But "it is an abuse of discretion for the [district] court to frustrate the purposes of voir dire by preventing discovery of bases for challenge or inhibiting a defendant's ability to make an informed exercise of peremptory challenges." *Id.*

In *State v. Logan*, 535 N.W.2d 320, 324 (Minn.1995), the Minnesota Supreme Court found reversible error where the district court denied the defendant's motion to strike for cause a juror who stated during voir dire that he was inclined to give greater credence to police officer testimony than to lay witness testimony. Significantly, the prospective juror did not state unequivocally that he or she would follow the trial court's instructions and fairly evaluate the evidence. *Id.* at 323–24. On that record, the supreme court held a bias in favor of the police to be a sufficient basis for striking a juror for cause under Minn. R.Crim. P. 26.02, subd. 5. *Id.*

■ Here, the district court determined that appellant could not ask a general question regarding whether prospective jurors "would give more credence or more belief" to the testimony of a law enforcement officer simply because he or she was an officer. While acknowledging that the question is "always asked," the district court stated that "I'm starting to tighten up on that." It is unclear whether any of the seated jurors held a bias in favor of law enforcement because the district court prohibited appellant from asking the very question that revealed the juror's bias in *Logan*. *See id.* at 322–23. Thus, the district court restricted appellant's ability to determine whether any prospective jurors—other than the six who were personally acquainted with law enforcement personnel—were biased in favor of law enforcement personnel, which in turn prevented appellant from discovering a significant basis for challenge. Under Minn. R.Crim. P. 26.02, subd. 4, the district court has discretion to limit unreasonable inquiry into a juror's qualifications. But when the state's case rests solely on the testimony of law enforcement personnel, an inquiry into a prospective juror's bias toward law enforcement which could impinge on that juror's ability to be impartial is not an unreasonable inquiry.

In support of our holding, we note that the question "Would you tend to believe the testimony of a policeman, because he is a policeman, more than that of another witness?" is one of several questions recommended to defense counsel in 8 Henry

W. McCarr & Jack S. Nordby, *Minnesota Practice,* § 27.4(B) (2001). In addition, there is a wealth of Minnesota case law regarding the issue of inquiry into a prospective juror's bias toward law enforcement. *See, e.g., Greer,* 635 N.W.2d at 88–89 (noting that "counsel had an opportunity to and, in fact, did inquire extensively as to the state of mind of each of ... six prospective jurors on the issue of whether they would find [law enforcement] officers more credible than other witnesses"). The fact that such questioning has traditionally been allowed further supports our conclusion that this line of inquiry serves the basic purpose of voir dire—to elicit information which would be a basis for a challenge for cause or which would provide knowledge to enable an informed exercise of peremptory challenges.

Finally, neither the district court nor the state cited any authority indicating that a general question intended to discover such bias in prospective jurors is improper or unreasonable.[1] Thus, we conclude that the district court abused its discretion by not allowing appellant to inquire into the potential pro-law enforcement biases of prospective jurors.

■ This leaves the question of whether appellant is automatically entitled to a new trial or whether the error is subject to harmless-error analysis. *Logan,* 535 N.W.2d at 324. "A defendant is not automatically entitled to a new trial when his constitutional rights are violated." *State v. King,* 622 N.W.2d 800, 809 (Minn.2001). Generally, in an appeal based on juror bias, an appellant must show that actual prejudice occurred. *See State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983) (requiring a showing of actual prejudice); *but see Logan,* 535 N.W.2d at 324 (noting that

improper juror selection criteria or the seating of a biased juror undermines the process and is not amenable to harmless-error review). The state argues that appellant was not prejudiced because the court took other measures to ensure that the jurors were impartial, such as explaining the importance of being fair and impartial and informing the jurors on the defendant's presumption of innocence and the state's burden of proof.

■ General voir dire questions and jury instructions on impartiality, following the court's instructions, and the presumption of innocence might overcome some deficiencies in voir dire questions. *See State v. Owens,* 373 N.W.2d 313, 315 (Minn.1985) (allowing such instructions to overcome certain limitations where the limitations did not prevent the defendant from discovering bases for a challenge). But when, as here, the only witnesses were the appellant and four law enforcement personnel, a limitation on discovery of possible bias toward law enforcement goes to the very heart of the jurors' ability to impartially weigh the evidence presented. *See Logan,* 535 N.W.2d at 325 (stating that "a defendant cannot receive a fair trial at the hands of jurors who [are] inclined to give unqualified credence to law enforcement officer[s] simply because [they are] officer[s]") (quotation omitted). This case is distinguished from *Logan* because in *Logan,* the record showed actual prejudice and was thus not amenable to harmless-error review. *See Logan,* 535 N.W.2d at 324. Here, it is impossible to determine whether actual prejudice occurred. It is unknown whether a prospective juror was biased toward testimony of law enforcement personnel

---

1. The district court stated "That's actually an objectionable question to ask and there's cases based on it." In its brief, the state candidly notes that "[i]t is unclear what cases the [district] court was referring to."

because the defense attorney was expressly prohibited from asking that question. We acknowledge that there may be circumstances when the district court's questioning of prospective jurors regarding potential pro-law enforcement bias is sufficient to ensure the jury's impartiality. We merely conclude today that when the only witnesses against the defendant are law enforcement personnel, a defendant is presumptively severely prejudiced by not being allowed to inquire specifically into the jurors' potential pro-law enforcement bias. Accordingly, the district court abused its discretion when it prohibited appellant from inquiring about the jurors' possible pro-law enforcement biases during voir dire, and appellant is therefore entitled to a new trial.

Because we are reversing and remanding for a new trial, we do not reach appellant's second issue regarding the district court's denial of his request for a sentencing hearing. We do note, however, that upon request, the district court is required to provide a defendant with both a sentencing hearing and adequate time to prepare for such a hearing. Minn.Stat. § 244.10, subd. 1 (2002).

### DECISION

Because the district court deprived appellant of his constitutional right to an impartial jury when it prohibited him from asking prospective jurors during voir dire whether they were inclined to give more credence to the testimony of law enforcement personnel than to the testimony of lay witnesses, we reverse and remand for a new trial.

**Reversed and remanded.**